IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, | ) C/A No. 3:11-2313-JFA-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| United States District Court, *District of South Carolina*; | ) **REPORT AND** |
| Central "Intelligent" Agency; | ) **RECOMMENDATION** |
| Federal Bureau of Investigation; | ) |
| Steve Patterson, *Intercity Broadcasting*; | ) |
| NAACP, *National Association Advancement Colored People*; | ) |
| State Executive Director, *NAACP*; | ) |
| President Ruby Johnson, | ) |
| | ) |
| Defendants. | ) |

_____

The plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. In his Complaint and Amended Complaint (ECF Nos. 1 & 7) (collectively "Complaint"), Plaintiff alleges: (1) the Department of Justice and the State of South Carolina have denied Plaintiff's request for a pardon and clemency; (2) the CIA assisted Plaintiff's prior employer in invading the privacy of Plaintiff's ex-wife and placed a "Spying listening device" and camera until about 2005; (3) the FBI failed to arrest the manager; (4) the CIA distributed "their internal intelligent machine" to Steve Patterson of WWDM ("Big DM"—a radio station), who accepted the devices on behalf of the NAACP; (5) defendants have told potential employers that Plaintiff is "Martin Luther King"; (6) defendants participated in a home invasion of Plaintiff's home; (7) the CIA installed an electronic implant during Plaintiff's birth; (8) Steve Patterson is the owner of WWDM but

is also a government employee employed by the "internal intelligent machine[;]" and (9) Plaintiff is disabled.[1]  Plaintiff has submitted a Standard Form 95 to both the CIA and the FBI regarding the claims raised in this case.  (ECF No. 1-3 at 1-2).  In his prayer for relief, Plaintiff seeks one trillion dollars in damages, clemency, and removal of the "internal machine" installed in his body.  (ECF No. 7 at 17.)  Having reviewed the Complaint, in accordance with applicable law, the court concludes that it should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under

_____

[1] In various parts of the pleadings, Plaintiff refers to his disability.  Plaintiff is currently receiving Social Security disability benefits.  (ECF No. 2-1.)

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Pinkley, 191 F.3d at 399 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  Pinkley, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the

allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). Even if this case is treated as a Bivens action,[2] a Bivens action may not be brought against agencies of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies).

Secondly, even if this case is treated as one brought under the Federal Tort Claims Act ("FTCA"), as defendants in this action, this court, the CIA, and the FBI are entitled to summary dismissal on the basis of sovereign immunity. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees.[3] See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), affirmed, 46 Fed. Appx. 212 (4th Cir. Sept. 24, 2002). As a result, this court, the CIA, and the FBI are also entitled to summary dismissal under the FTCA.

Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. See 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[3] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

after such claim accrues"). Although Plaintiff did submit tort claims forms to the CIA and FBI (wherein he lists the date of accident as January 1, 2009 to April 27, 2009), it is clear that Plaintiff's claims (if any) arose no later than 2005, when Plaintiff allegedly discovered the devices. Hence, this case is untimely whether it is treated as a <u>Bivens</u> action, <u>see</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 265-80 (1985) (in § 1983 and <u>Bivens</u> actions, federal courts should apply a state's general statute of limitations for personal injuries); S.C. Code Ann. § 15-3-530, or as an action under the FTCA. <u>See</u> 28 U.S.C. § 2401(b).

The NAACP, its President, and its Executive Director are subject to summary dismissal for lack of action under color of state or federal law. In order to state a cause of action under 42 U.S.C. § 1983 or the <u>Bivens</u> doctrine, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state or federal law. <u>See Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>Am. Mfr. Mut. Ins. Co. v.</u> <u>Sullivan</u>, 526 U.S. 40, 50-52 (1999); <u>Hall v. Quillen</u>, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980). The district court in <u>Hall v. Quillen</u> had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

<u>Hall</u>, 631 F.2d at 1155 (citations omitted); <u>see also Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state or federal law , his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the government or with an agent of the government.  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).  Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, the Fourteenth Amendment, or the Bivens doctrine.  See Lugar,  457 U.S. at 936; Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Plaintiff does not have standing to bring suit with respect to any federal criminal investigation of his ex-spouse and Steve Patterson or with respect to the alleged failure to arrest the manager.  See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (applying Linda R. S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993); Nader v. Saxbe, 497 F.2d 676, 679 nn.18-19, 681 n.27 (D.C. Cir. 1974) ("Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts.").

Closely on point is Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981), which arose in South Carolina.  In Leeke, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards.  The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants.  In Leeke, the United States Supreme Court reiterated its earlier holding in Linda R.S. v. Richard D., and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons.  Leeke, 454 U.S. at 86-87.  Moreover,

the <u>Leeke</u> Court cited a similar precedent from the South Carolina Supreme Court.  <u>See</u> <u>Leeke v. Timmerman</u>, 454 U.S. at 87 n.2, citing <u>State v. Addison</u>, 2 S.C. 356, 364 (1871).

In this civil action, Plaintiff cannot obtain damages for slander.  An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983 or under the <u>Bivens</u> doctrine.  <u>Paul v. Davis</u>, 424 U.S. 693, 697-710 & nn.3-4 (1976). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  <u>DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.</u>, 489 U.S. 189, 200-03 (1989).

This court cannot grant Plaintiff a pardon or clemency for state or federal crimes. <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 412-14 (1993) (outlining history of executive pardon power and clemency in the United States).

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without service of process.  <u>See</u> 28 U.S.C. § 1915.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).